# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVATION REALTY, INC.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>NATHAN ESPLANADE,<br><br>　　　　　　　　Defendant. | NO. 13-CV-396-MMA (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>[Doc. No. 36] |

Currently before the Court is Defendant Nathan Esplanade's motion to proceed *in forma pauperis* ("IFP") on appeal. For the reasons set forth below, the Court **DENIES** Defendant's motion.

Federal Rule of Appellate Procedure 24 sets forth the requirements for a party to proceed IFP on appeal. *See* Fed. R. App. P. 24. Pursuant to Rule 24,

> . . . a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Defendant has not satisfied the requirements of Rule 24(a)(1). Although Defendant has submitted an affidavit in support of his motion to proceed IFP, the

affidavit states he has received social security, disability, or other welfare but does not indicate the amount. *See* Fed. R. App. P. 24(a)(1)(A). Defendant also fails to state the issues that he intends to present on appeal in his affidavit, as required by Fed. R. App. P. 24(a)(1)(C). Because Defendant has not satisfied the requirements of Rule 24(a)(1), he is not entitled to proceed IFP on appeal. *See* Fed. R. App. P 24(a)(1). The Court therefore **DENIES** Defendant's motion.

The Court also notes that Defendant's motion to proceed IFP on appeal should be denied under 28 U.S.C. § 1915(a)(3). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674 (1958). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Defendant's appeal is not based on valid grounds. Accordingly, the Court certifies that any appeal taken from the Court's September 20, 2013 Order will not be taken in good faith and is therefore frivolous. *See* 28 U.S.C. § 1915(a)(3).

The Clerk of Court shall immediately notify the parties and the Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this Order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

DATED: November 4, 2013

Hon. Michael M. Anello
United States District Judge